# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**JEREMY D. LOTZ**
**HOSPITALMAN (E-3), U.S. NAVY**

**NMCCA 201400304**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 22 May 2014.
**Military Judge:** CAPT Bethany Payton-O'Brien, JAGC, USN.
**Convening Authority:** Commander, Navy Region Northwest, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** LCDR E.K. Westbrook, II, JAGC, USN.
**For Appellant:** Maj Jeffrey S. Stephens, USMCR.
**For Appellee:** CAPT Diane L. Karr, JAGC, USN; LCDR Keith B. Lofland, JAGC, USN.

**10 February 2015**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification each of attempting to commit a lewd act upon a child, committing a sexual act upon a child, committing a lewd act upon a child, and committing sodomy with a child, in violation of Articles 80, 120b and 125, Uniform Code of Military

Justice, 10 U.S.C. §§ 880, 920b and 925.  The military judge sentenced the appellant to confinement for 114 months, reduction to pay grade E-1, total forfeitures, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged and, except for that part of the sentence extending to a dishonorable discharge, ordered it executed.  The pretrial agreement had no effect on the sentence.

The appellant asserts that his sentence is inappropriately severe given: the victim consented to the sexual conduct; the victim's claim of suffering post-traumatic stress disorder (PTSD) was neither credible nor substantiated by any medical evidence; and, the appellant's combat experience and purported good military character.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant, while aged 25, created an online persona claiming to be a 15-year-old boy.  Upon making contact with a 14-year-old girl, ML, the persona urged ML to contact the appellant via Facebook.  This lead to two sexual encounters: one at ML's grandparent's home and another in the woods nearby.  These meetings involved penile and digital penetration of ML's vulva, touching of ML's breasts, and sodomy.  ML's parents became aware of the sexual activity and reported it to local law enforcement.

Subsequent to the appellant being interviewed by the local police regarding his activity with ML, he was contacted by a special agent of the Naval Criminal Investigative Service posing as a 14-year-old girl.  In the ensuing exchange of text messages, the appellant described how they would have sex and encouraged the "girl" to send him images of herself, either nude or partially-clothed.

Testifying at trial, ML described suffering from depression and PTSD as a result of her interactions with the appellant.

2

She also described having nightmares and "episodes" in which she loses all sense of her environment, hyperventilates, and relives the sexual activity with the appellant. Record at 85-86. The defense's sole challenge to ML's claims was to have her admit the "episodes" began only after her mother discovered her relationship with the appellant, and that ML provided the condom used during the sexual intercourse.

An expert for the defense testified the appellant suffers from attention deficit disorder and impulsivity, and, based on scientific studies, presents a low likelihood of recidivism. The appellant provided an unsworn statement describing a childhood in which he was sexually abused, bullied, and physically abused. He further described how he volunteered to be a combat medic with a Marine unit in Afghanistan, and how he earned the Combat Action Ribbon for his actions during a firefight with insurgents. The defense also submitted performance evaluations that document an otherwise unremarkable four years of service.

## Sentence Appropriateness

In accordance with Article 66(c), UCMJ, a Court of Criminal Appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

We review sentence appropriateness *de novo*. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268. After a thorough review of the entire record, we find that the sentence is appropriate for this offender and his offenses. In addition to considering the serious nature of the specific offenses committed by the

3

appellant, we have carefully considered his background, work performance and combat experience. We find all of these factors to be outweighed by the seriousness of his misconduct.

We have also weighed ML's role in the events and find ML's apparent willingness to engage in the sexual activity is not a factor that militates toward a sentence lower than was imposed. Article 120b, UCMJ, makes punishable the commission of a sexual act upon a child over 12 years of age, with no requirement that force, threats, or other means for overcoming lack of consent be used. This strict liability (absent a reasonable mistake of fact as to the child's age) acknowledges the impossibility of consent in such situations, placing the burden on the adult involved to refrain from sexual activity with the child. Also, we find that the appellant specifically targeted children, going so far as to create an on-line, teenaged persona to facilitate his connecting with young girls. And, despite knowing he was under investigation for criminal acts with a child, he attempted to commit lewd acts with someone he believed was a 14-year-old girl.

Finally, we disagree with the appellant's assertion that ML's claim of PTSD is "incredible on its face." Appellant's Brief of 10 Nov 2014 at 6. While the nightmares and episodes did not occur until after ML was confronted by her mother, ML testified that she was diagnosed with PTSD and depression by both a counselor and a doctor. The defense offered nothing to challenge this statement. Nor did they effectively discredit ML's stepfather's testimony describing, first-hand, one of ML's "episodes."

Considering the entire record, we conclude that granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

**Post-Trial Errors**

We note the Results of Trial, incorporated in the Staff Judge Advocate's Recommendation, fails to indicate that the excepted language in Specification 2 of Charge II and Specification 1 of Charge III was withdrawn and dismissed at trial. This error was compounded in the court-martial order

(CMO), which appears to say the appellant was found guilty of these two specifications as charged.  The appellant did not raise this as an assignment of error.  There being neither claimed nor apparent prejudice, we find the error did not affect the appellant's substantial rights.  The appellant, however, is entitled to have the official records accurately reflect the results of his court-martial.  *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998).  Accordingly, we will order the necessary corrective action in our decretal paragraph.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.  It is ordered that the supplemental CMO correctly reflect that the excepted language in Specification 2 of Charge II and Specification 1 of Charge III was withdrawn and dismissed.

For the Court


R.H. TROIDL
Clerk of Court

5